TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

---

FROM: 20953041
TO:
SUBJECT: Rule 59 Motion
DATE: 04/14/2022 04:43:04 PM

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case: 0:22-cv-820 (ECT/LIB)

Paul Hansmeier,
   Plaintiff,

v.

HRP Woodbury II, LLC, et. al.,
   Defendants.

RECEIVED BY MAIL
APR 21 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
APR 21 2022
U.S. DISTRICT COURT MPLS

### RULE 59 MOTION TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION

Plaintiff Paul Hansmeier respectfully requests that the Court alter or amend its judgment in the manner set forth below. On April 11, 2022, the Court sua sponte dismissed all of the defendants from this action without prejudice, citing Chief Judge Tunheim's March 11, 2022, order in Hansmeier v. MacLaughlin, et. al., 21-cv-1167 (D. Minn.).

The Court should alter or amend its order in two respects.

I. The Court should reinstate Hansmeier's claims against the non-government defendants.

The Court dismissed Hansmeier's claims against all of the defendants in this action, including non-government defendants, instead of only those against the Attorney General. Yet, Chief Judge Tunheim's order only applies to actions against government officials. The Court's dismissal of non-government defendants is contrary to the letter and spirit of Chief Judge Tunheim's order.

A failure to reinstate Hansmeier's claims against the non-government defendants would impose unnecessary costs and expenses on the parties. Hansmeier would be forced to re-serve the non-government defendants, who would then have to re-remove their claims against to this Court and re-plead. These actions would further burden Hansmeier, the non-government defendants, the Hennepin County Court Administrator and the Clerk of Court for the U.S. District Court for the District of Minnesota. All of this is to say nothing of any appeal. Thus, in addition to violating the letter and spirit of Chief Judge Tunheim's order, failing to reinstate Hansmeier's claims against the non-government defendants would make everyone worse off by imposing significant costs only for everyone to end up in the same position that the case was prior to the Court's dismissal. At a minimum, the Court should reinstate Hansmeier's claims against the non-government defendants.

II. The Court should reinstate Hansmeier's claims against the Attorney General and order Hansmeier to request Chief Judge Tunheim for permission to proceed against the Attorney General.

Hansmeier fully intends to comply with the letter and spirit of Chief Judge Tunheim's order. Indeed, Hansmeier did not serve the Hennepin County District Court action on the Attorney General and was going to refrain from doing so until the Attorney General's deadline for removal had passed.

While Hansmeier acknowledges the Court's desire to close any "loopholes", the Court must also be mindful of respecting Hansmeier's First Amendment and Due Process rights. To this end, the Court must give Hansmeier a chance to request Chief Judge Tunheim's permission to proceed against the Attorney General. If the Court automatically dismisses claims that are removed by others, then the Court would prevent Hansmeier from seeking Chief Judge Tunheim's approval prior to dismissal. The Court cannot, without creating an even bigger "loophole," allow defendants to obtain automatic dismissal merely by removing.

Hansmeier asks the Court to reinstate his claims against the Attorney General and provide Hansmeier with a reasonable deadline (30 days, for example) to submit a request to proceed to Chief Judge Tunheim. This procedure would moot several issues with the Court's order.

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

----------------------------------------------------------------------------------------

For example, the Court's order rewrites Chief Judge Tunheim's order. Nowhere in the actual judgment does Chief Judge Tunheim permit automatic dismissals of removed claims. The Court has no power to rewrite orders issued by other courts. Second, Hansmeier's claims in the instant case avoid the issues which resulted in the dismissal of his prior claims. There is no reason for Chief Judge Tunheim to deny Hansmeier permission to proceed. Third, the Court's rewriting of Chief Judge Tunheim raises very significant subject matter jurisdiction, federalism and other concerns.

These issues, among others, would be avoided if the Court allows Hansmeier a fair opportunity to request Chief Judge Tunheim's permission to proceed against the Attorney General now that the case has been removed.

And, as a final note, none of this litigation would be possible or necessary if the defendants simply complied with state and federal accessibility laws.

III. Conclusion.

The Court should grant Hansmeier's motion.

Respectfully submitted,              Dated: 4/14/22

*(signature)*

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072