UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul Hansmeier,                                                    File No. 22-cv-820 (ECT/LIB)

      Plaintiff,

v.                                                                                **ORDER**

HRP Woodbury II, LLC; Store Master
Funding VII, LLC; and Merrick Garland,

      Defendants.

---

Plaintiff Paul Hansmeier has filed a motion to alter or amend judgment or for reconsideration of the Order dated April 11, 2022, dismissing this case. ECF No. 9; *see also* ECF No. 7. As explained in the April 11 Order, Hansmeier was previously prohibited from filing "any new lawsuits and any pleadings or other papers in the District of Minnesota concerning any . . . private enforcement action under the ADA against the U.S. Attorney General . . . unless he obtains prior written approval from the Chief Judge of the District of Minnesota." *See Hansmeier v. MacLaughlin*, No. CV 21-1167 (JRT/LIB), 2022 WL 748484, at *7 (D. Minn. Mar. 11, 2022). The Memorandum Opinion restricting Hansmeier's filings also stated that "any action removed to the District of Minnesota that meets the description above is also subject to immediate closure by the Clerk and dismissal without prejudice by the Court." *Id*. Hansmeier did not seek prior written approval for filing from the Chief Judge, and thus this case was dismissed. *See* ECF No. 7.

Hansmeier raises two issues with the April 11 Order. First, Hansmeier argues that his case should be reinstated as to the non-government defendants because Chief Judge

Tunheim's order restricting Hansmeier's filings only applied to actions against government officials. ECF No. 9 at 1. This argument is not persuasive. Hansmeier labeled his lawsuit a "private enforcement action" brought "under the ADA" and "against the U.S. Attorney General" in his official capacity. That brought the lawsuit within the scope of Judge Tunheim's Order. Hansmeier's after-the-fact request to drop the Attorney General (and allow the case to proceed against the remaining private Defendants) cannot be granted. The complaint's allegations seem to require the Attorney General's presence as a party. If that weren't so, the complaint includes no allegations plausibly suggesting that Hansmeier has Article III standing to sue private businesses for legal violations that could not have injured him.

Second, Hansmeier contends that Chief Judge Tunheim's order does not apply to cases removed to this District. *Id*. at 1-2. This is not correct. Chief Judge Tunheim's Order restricting Hansmeier's filings explicitly was intended to apply equally to cases filed originally in this District, or cases removed to this District. This only makes practical sense. If that weren't so, Hansmeier could end run the filing restriction by bringing every new case in state court knowing that most—if not all—defendants would remove the case to federal court.

Therefore, Hansmeier's motion to alter or amend judgment or for reconsideration [ECF No. 9] is **DENIED**.

Dated: April 25, 2022

s/ Eric C. Tostrud  
Eric C. Tostrud  
United States District Court

2