UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul Hansmeier,                                File No. 22-cv-0820 (ECT/LIB)

    Plaintiff,

v.                                                              **ORDER**

HRP Woodbury II, LLC; Store Master
Funding, VII, LLC; and Merrick Garland,

    Defendants.

---

    Over the past year or so, Plaintiff Paul Hansmeier, a federal prisoner, has filed well over a dozen lawsuits in state court. This was one of those lawsuits. The claims raised by Hansmeier in those lawsuits were not identical, but they were largely similar. As explained in the order dismissing another of Hansmeier's actions:

> This case, which was removed from Minnesota state court, is typical in many respects. As in many of his prior actions, Hansmeier has bundled a governmental defendant — here, U.S. Attorney General Merrick Garland — with a private litigant — in this case, defendant Tobies Enterprises, Inc. . . ., the proprietor of a cluster of small businesses in Hinkley, Minnesota. The private litigant is named as a defendant due to its alleged failure to comply with a federal statute — often, as in this case, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Hansmeier solicits, or is solicited by, unnamed persons who visit facilities covered by the ADA to see if they encounter architectural barriers, disparate treatment, or other discrimination prohibited by the ADA while attempting to access those facilities.
>
> Of course, Hansmeier cannot bring claims under the ADA on behalf of the unnamed individuals who are alleged to have been

> discriminated against; he is in prison and disbarred. *See In re Disciplinary Action Against Hansmeier*, 942 N.W.2d 167 (Minn. 2020). That circumstance leads Hansmeier to include a governmental defendant: Hansmeier alleges that his imprisonment, the federal statutes under which he was convicted, and the regulations of the Federal Bureau of Prisons barring frivolous and extortionate litigation by inmates all infringe upon his constitutional rights and his statutory right to engage in activity protected by the ADA. Put somewhat differently, Hansmeier alleges that the government — by prosecuting him, by incarcerating him, and by disallowing his frivolous litigation while incarcerated — violates not only his constitutional rights, but also his right to pursue claims on behalf of the disabled under the ADA.

*Hansmeier v. Tobies Enterprises, Inc.*, No. 22-CV-0932 (NEB/LIB), ECF No. 4 (D. Minn. Apr. 19, 2022). Apart from the identity of the non-governmental defendants, the same paragraphs could have been applied verbatim to this action.

Hansmeier's claims have been identified as frivolous — frivolous on their merits, *see id*. at 4–8, and frivolous because Hansmeier has continued, time and time again, to bring duplicative lawsuits raising the same rejected (and, by this point, precluded) claims, *see Hansmeier v. MacLaughlin*, No. 21-CV-1167 (JRT/LIB), 2022 WL 748484, at *3–5 (D. Minn. Mar. 11, 2022) (finding Hansmeier's claims to be barred by the doctrine of res judicata). Indeed, Hansmeier's conduct has become so vexatious that he has been barred from continuing to litigate these claims in this venue without the express written permission of the Chief Judge of this District.[1] *Id*. at *7.

---

[1] By filing his many lawsuits in state court, Hansmeier has evaded 28 U.S.C. § 1915(g), which prohibits prisoners from proceeding *in forma pauperis* where "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

2

It was pursuant to that restriction order that this matter was summarily dismissed without prejudice. Hansmeier filed this lawsuit — a substantive repeat of his earlier cases — in state court. The defendants removed the lawsuit to this District. I found that the restriction order imposed upon Hansmeier was broad enough to encompass lawsuits like this one, even where those actions were removed from state to federal court rather than initiated in this venue. *See Hansmeier v. HRP Woodbury II, LLC*, No. 22-CV-0820 (ECT/LIB), 2022 WL 1564973, at *1 (D. Minn. Apr. 11, 2022). Hansmeier had not sought, much less received, permission to bring yet another lawsuit of the same kind, and this case was dismissed accordingly.

Hansmeier now requests *in forma pauperis* ("IFP") status on appeal from the dismissal of this action. *See* ECF No. 14. The IFP application is denied for two reasons, one technical and one not.

The first problem for Hansmeier is that an IFP application must include an affidavit attesting "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Hansmeier's application to proceed IFP on appeal lacks the necessary affidavit and therefore cannot be granted.

This problem is correctable, but the second problem is not. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

---

Removed cases, even when those cases are dismissed as frivolous, do not constitute a "strike" for purposes of that provision, because a removed lawsuit would not have been "brought . . . in a court of the United States." By contrast, Hansmeier's appeal has been brought in a court of the United States, and if that appeal were to be dismissed as frivolous, that dismissal would constitute a strike.

faith." 28 U.S.C. § 1915(a)(3).  This lawsuit was not brought by Hansmeier in good faith, and its continued prosecution is not being conducted by Hansmeier in good faith.[2]  The claims presented by Hansmeier have been repeatedly rejected as frivolous, both on their merits and for being duplicative.  This case is no different.  Hansmeier will not be permitted to pursue an appeal in this matter at public expense.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* on appeal of Plaintiff Paul Hansmeier [ECF No. 14] is **DENIED**.


Dated:  June 22, 2022                                    s/ Eric C. Tostrud
                                                        Eric C. Tostrud
                                                        United States District Court

---

[2]  The good-faith inquiry of § 1915(a)(3) is objective, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962), but there is reason to believe that Hansmeier's conduct is subjectively — that is, purposefully and knowingly — in bad faith as well.  *See* Complaint ¶ 96 [ECF No. 1-1] (noting that Hansmeier has been referred "for criminal prosecution under the federal extortion statute based on his involvement" in lawsuits like this one).  And as a former attorney, Hansmeier has less excuse than the usual pro se litigant for initiating and prosecuting litigation that is meritless on its face.