TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

---

FROM: 20953041
TO:
SUBJECT: Motion to Reconsider
DATE: 07/11/2022 12:34:41 PM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

PAUL HANSMEIER,
   Plaintiff,

v.                     Case No. 22-cv-82

HRP WOODBURY II, LLC, et al.,
   Defendants.

## MOTION TO RECONSIDER

Plaintiff Paul Hansmeier respectfully moves the Court to reconsider its order denying Hansmeier's motion to proceed in forma pauperis on appeal. The Court identified two reasons for its denial. First, the Court faulted Hansmeier for not including an affidavit of inability to pay; that affidavit is now included. Second, the Court denied Hansmeier's motion because, according to the Court, all of the claims in the complaint are frivolous. Yet, the Court's view of the merits of Hansmeier's claims is purely advisory and conflicts with the record of this case. For these reasons, the Court should reconsider its order.

I. The Court's view of the merits of Hansmeier's claims is purely advisory.

A federal district court that lacks subject matter jurisdiction over a claim cannot reach the claim's merits. The Court has already held that Hansmeier lacks standing to pursue claims against the public accommodation defendants. Accordingly, the Court lacks jurisdiction to reach the merits of these claims. The decision of whether the claims have merit is the prerogative of the Hennepin County District Court judge who will be hearing the claims. The Court's assessment of the claims is purely advisory and should not have been used as a reason to deny Hansmeier's motion.

Hansmeier's appeal will address the Court's unexplained refusal to remand the public accommodation claims to Hennepin County District Court. The removal statute, 28 U.S.C. 1447(c), and the Eighth Circuit's Hillesheim decision interpreting it are crystal clear: when the court loses jurisdiction over a removed claim, the claim must be remanded. This is true even when a court is skeptical of the claim or even believes the claim is frivolous. The appeal in this case would not be necessary if the Court honored 28 U.S.C. 1447(c)'s commands.

As for Hansmeier's claims against the Attorney General, the Court has precluded itself from reaching the merits of those claims based on its ruling that the claims must be dismissed by operation of Chief Judge Tunheim's filing restriction. The Court's dismissal did not require it to reach the merits of those claims. Any discussion of the merits is purely advisory. Hansmeier's appeal will not turn on whether his claims against the Attorney General have merit, but whether the Court had the power to amend Chief Judge Tunheim's judgment based on its policy disagreements with the judgment's inapplicability to claims that have been removed.

Because the Court's view of the merits of Hansmeier's claims is purely advisory, it is not a reason to deny Hansmeier's motion to proceed in forma pauperis on appeal.

II. The Court's advisory conclusion of "frivolousness" conflicts with the record.

A claim "is frivolous when it lacks an arguable basis in either law or fact." Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002).

   A. At the pleading stage, it is not the Court's role to weigh the facts.

At the pleading stage, the Court must accept all of the factual allegations in Hansmeier's complaint as true. With this rule in mind, the Court cannot find that Hansmeier's claims lack an arguable basis in fact; the standard of review applicable to this stage of the proceedings prohibits the Court from weighing facts.

   B. Hansmeier's claims have an arguable basis in law because other courts have allowed comparably-pled claims to proceed.

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

---

Claims that other courts have allowed to proceed cannot reasonably be described as frivolous, as such a description would imply that other federal courts are issuing decisions that lack an arguable basis in law.

Hansmeier's claims under Title III of the Americans With Disabilities Act and Section 11 of the Minnesota Human Rights Act closely resemble claims brought by the plaintiff in Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953 (8th Cir. 2018), in which the Eighth Circuit reversed a district court's holding that a proposed amendment to a complaint would be futile. The Court's conclusion that these claims are frivolous conflicts with the Eighth Circuit's holding.

Hansmeier's First and Fifth Amendment pre-enforcement challenges to federal criminal statutes closely resemble the claims brought against the Attorney General in Sandvig v. Sessions, No. 16-1368 (JDB) (D.D.C.). In that case, the plaintiff's First Amendment claim survived the Attorney General's motion to dismiss, but the Fifth Amendment claims were dismissed. Hansmeier believes that his Fifth Amedment claims are distinguishable from those in Sandvig because, unlike the plaintiff in Sandvig, Hansmeier can point to how the Attorney General's understanding of the law conflicts with how the courts have intepreted the law. The Court's conclusion that these claims are frivolous is in conflict with Sandvig.

Hansmeier's First Amendment retaliation and ADA participation clause claims are not modeled after claims in any particular case, but are analogous to his pre-enforcement challenges. The Court's conclusion that these claims are frivolous conflicts indirectly with Sandvig.

Because Hansmeier's discrimination claims are supported by Hillesheim and because Hansmeier's preenforcement and anti-retaliation claims are supported by Sandvig, the Court should not have found that Hansmeier's claims are frivolous.

   C. The lack of an explanation for the Court's finding of frivolousness prevents Hansmeier from evaluating it.

Despite the many accusations of frivolousness that Hansmeier's claims have endured from the Court and the defendants, not one specific explanation of frivolousness has been offered by anyone. This is unusual. Hansmeier has no interest in bringing frivolous claims, but he also does not want to abandon a meritorious claim if it has been erroneously attacked as frivolous. From Hansmeier's perspective, his claims are well-researched and supported by the plain text of controlling law and judicial decisions interpreting it. By explaining the reasoning for its conclusion of frivolousness, the Court would allow the parties to this case to know if the Court has identified a legitimate, fatal problem in Hansmeier's claims.

III. It appears to be undisputed that Hansmeier's issues on appeal are non-frivolous.

The defendants' opposition to Hansmeier's motion for leave to proceed in forma pauperis did not challenge the merits of Hansmeier's issues on appeal. It thus appears to be undisputed that Hansmeier's issues on appeal are non-frivolous. It is hard to imagine a contrary conclusion. Hansmeier's issues on appeal are be consistent with Eighth Circuit precedent.

IV. Conclusion.

The Court should grant this motion.

_____   Dated: 7-11-22
Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

28 U.S.C. § 1915 Affidavit

I, Paul Hansmeier, state under the penalty of perjury that I have a significantly negative net worth due to the ~$1.5 million restitution judgment imposed against me in United States v. Hansmeier, 16-cr-334 (JNE) (D. Minn.) and, as such, I am unable to pay the appellate filing fee. The issues I seek to raise in my appeal are identified in my motion to proceed IFP and I believe I am entitled to redress on appeal.

_____  7/11/22
Paul Hansmeier