RECEIVED BY MAIL APR 1 2 2023 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED APR 1 2 2023 U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-cv-820

Paul Hansmeier,

v.

HRP Woodbury II, LLC et al.

## MOTION TO VACATE AND MEMORANDUM IN SUPPORT

Plaintiff Paul Hansmeier respectfully moves the Court under Federal Rule of Civil Procedure 60 to vacate its April 11, 2022 order and judgment and issue an order to show cause for why Hansmeier's claims against defendant HRP Woodbury II, LLC and STORE Master Funding VII, LLC should not be remanded to Hennepin County District Court. This motion is based on the attached memorandum of law, the Declaration of Paul Hansmeier and the entire record of these proceedings.

Respectfully submitted,

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

Dated: April 9, 2023

## MEMORANDUM

The Court should vacate its April 11, 2022 judgment because it is the product of mistakes of law and fact and it meets the Eighth Circuit's definition of a void judgment.

I. Background

Hansmeier brought claims again defendants HRP Woodbury II, LLC and STORE Master Funding VII, LLC in Hennepin County District Court. Hansmeier's complaint identified the Attorney General as a defendant, but Hansmeier did not bring claims against the Attorney General; in Minnesota state court actions, a civil action is commenced by service of summons and Hansmeier did not serve (or attempt to serve) the Attorney General with summons. See Minn. R. Civ. P. 3. Rather, Hansmeier's claims were brought exclusively against HRP Woodbury II and STORE Master Funding VII.

The gravamen of Hansmeier's claims is that the defendants are violating state and federal accessibility laws by failing to maintain accessible parking at the Tavern Restaurant in Woodbury, Minnesota. For example: the parking lot at Tavern does not include the required number of accessible parking spaces in violation of 36 C.F.R. part 1191 App. D section 502.1; the parking spaces designated as accessible parking spaces are excessively sloped in violation of section 502.4, the accessible parking spaces lack accessible access aisles in violation of section 502.3; and the accessible parking spaces lack adequate signage (signs posted too low) in violation of section 502.6. Hansmeier attached a photograph of the violations to his complaint and attached an accessibility report as well. Hansmeier's complaint further alleged claims to address the systemic unlawful retaliation that accessibility advocates face in Minnesota.

The defendants removed Hansmeier's claims to federal court. The Court sua sponte dismissed Hansmeier's claims against the Attorney General (even though the Attorney General was not a defendant) and dismissed Hansmeier's claims against the defendants for lack of subject matter jurisdiction (even though 28 U.S.C. 1447(c) required the Court to remand the claims instead of dismissing them). Hansmeier filed a motion seeking a correction of these errors. The Clerk of Court (acting at the Court's direction) mailed Hansmeier's motion back to him without entering it on the docket.

Hansmeier took an appeal. The Eighth Circuit summarily affirmed the Court's actions, but did so without the knowledge that the record was incomplete.

Defendants continue to disregard their obligations under state and federal accessibility laws. An April 2023 review of Tavern's parking lot reveals that defendants have made no effort to bring their parking lot into compliance with the law. Absent a favorable ruling from the Court on this motion, people with disabilities will be excluded from having a meal at Tavern---a situation that Hansmeier will continue to address until it is corrected.

II. Argument

The Court should vacate its April 11, 2022 judgment under Federal Rule of Civil Procedure 60(b)(1) because it is the product of mistakes of law and fact. Alternatively, it should vacate the judgment under Rule 60(b)(4) because the judgment meets the Eighth Circuit's definition of a void judgment. Finally, the Court should further order the parties to show cause for why Hansmeier's claims should not be remanded to Hennepin County District Court.

A. The Court should vacate its April 11, 2022 judgment under Federal Rule of Procedure 60(b)(1) because it is the product of mistakes of law and fact.

Federal Rule of Civil Procedure 60(b)(1) permits a court to correct mistakes of law and fact. Kemp v. United States, 142 S.Ct. 1856 (2022). The Court should correct the following mistakes of law and fact.

1. The Court mistook the Attorney General as a defendant.

The Court's actions in this case appear to be driven by its motivation to enforce Judge Tunheim's filing restriction against Hansmeier as to the Attorney General. Yet, Hansmeier never brought claims against the Attorney General. As explained above, Hansmeier never served the Attorney General with summons and thus never asserted claims against the Attorney General in Minnesota state court. This is why the Attorney General never appeared in this action. The Court should vacate its judgment to address this mistake.

2. The Court mistakenly dismissed Hansmeier's claims against the defendants instead of remanding them to Hennepin County District Court.

The Court sua sponte and conclusorily found that it lacked subject matter jurisdiction over Hansmeier's claims against the actual defendants to this case. Under federal law, the Court was required to remand these claims to Hennepin County District Court. See 28 U.S.C. 1447(c). Instead, the Court dismissed these claims. This was a mistake of law and the Court should vacate its judgment to address this mistake.

3. The Court mistakenly characterized Hansmeier's claims as "frivolous."

At various points in this proceeding, the Court has conclusorily characterized Hansmeier's claims against the defendants as "frivolous" and has accused Hansmeier of acting in subjective bad faith by bringing them. This is an error of law and fact. A claim is frivolous if it lacks an arguable basis in law or fact. Stanko v. Glaser, 228 Fed. Appx 623, 625 (8th Cir. 2007) (defining "frivolous"). The Court has not (and cannot) specified any reason why Hansmeier's carefully-researched claims lack an arguable basis in law or fact---instead, it has just repeatedly labeled them as such. Without knowing, Hansmeier assumes that the Court's beliefs about Hansmeier's claims are driven more by Hansmeier's reputation than the substance of the claims. But Hansmeier's claims need to be processed in accordance with the rule of law versus by reputation. The Court should vacate its judgment to address this mistake.

B. The Court should vacate its April 11, 2022 judgment because it meets the Eighth Circuit's definition of a void judgment.

Federal Rule of Civil Procedure 60(b)(4) imposes a non-discretionary duty on courts to vacate void judgments. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004). The Eighth Circuit defines a void judgment as a judgment entered in the absence of subject matter jurisdiction or in violation of the requirements of due process. Baldwin v. Credit Based Asset Servicing and Securitization, 516 F.3d 734, 737 (8th Cir. 2007). Here, the Court acted in the admitted absence of subject matter jurisdiction and without providing Hansmeier with the fundamental due process requirements of notice and an opportunity to be heard. The judgment is void and the Court has no discretion but to vacate it.

1. The judgment is void because the Court acted in the admitted absence of subject matter jurisdiction.

The Court expressly found that it lacked subject matter jurisdiction over Hansmeier's claims. But then it proceeded to exercise power over the claims instead of remanding them to state court, as the federal jurisdictional statutes require. The Court exceeded Constitutional limits on its power by dismissing Hansmeier's claims instead of remanding them. The judgment is void and the Court has no discretion but to vacate it.

2. The judgment is void because the Court failed to observe Hansmeier's due process rights.

The fundamental requirements of due process are notice and an opportunity to be heard. In this case, Hansmeier never had an opportunity to be heard. Defendants removed Hansmeier's claims and the Court acted summarily. Hansmeier attempted to file objections, but the Court instructed the Clerk of Court to mail Hansmeier's motion back to him without considering it on the merits. The Eighth Circuit did not provide Hansmeier with an opportunity to be heard either. These proceedings failed to meet the most basic requirements of due process and resulted in a void judgment. The Court has no discretion but to vacate it.

C. The Court should issue an order to show cause for why Hansmeier's claims should not be remanded back to Hennepin County District Court.

The Court has provided a clear signal that it doubts its subject matter jurisdiction over Hansmeier's claims. Rather than summarily remanding Hansmeier's claims, it should allow the parties to present their positions on why the Court has (or doesn't have) jurisdiction. The defendants are split on this issue. In its removal papers, STORE Master Funding VII alleged that the Court has jurisdiction in this case. HRP Woodbury II answered and asserted that the Court lacks it. Hansmeier would like to make his case for why the Court has jurisdiction. The adversary process is the bedrock of United States judicial proceedings. The Court is far likelier to reach a correct decision if it allows the parties to make adversary presentation on the complex jurisdictional issues in this proceeding.

D. The Eighth Circuit's summary affirmance does not preclude the relief sought in this motion.

The Eighth Circuit's summary affirmance does not preclude the relief sought in this motion. There are two points to be made here. First, it is well-settled that summary affirmances do not establish law of the case. See Nyffler v. Constr., Inc. v. Sec'y of Labor, 760 F.3d 837, 842 (8th Cir. 2014) (holding law of the case only applies to issues that were directly decided via adversary presentation). The Court remains free to address the mistakes of law and fact and the jurisdictional and constitutional defects in these proceedings. Second, even if summary affirmances had a bearing on future proceedings, the summary affirmance was based on a review of an incomplete record. Again, the Court's instructions to the Clerk of Court deprived the Eighth Circuit a full record upon which to review the claims and defenses in this case. Even a precedential decision would have no integrity under these circumstances. The Court is ruling on a clean slate, notwithstanding the Eighth Circuit's summary affirmance.

E. The Court's inaction will impose unnecessary costs on the parties and the public's confidence in the courts.

As mentioned earlier, the defendants have taken no action to address the bright line architectural barrier issues that gave rise to this suit. As a result, people with disabilities cannot have a meal at Tavern and Hansmeier cannot conduct his pairs testing there. There are a variety of actions Hansmeier can take to force defendants to comply with the law, but these actions will be far costlier and more disruptive for Hansmeier, the defendants and the public than the path prescribed by law---adversary presentation before this Court resulting in a resolution on the merits or a remand to Hennepin County District Court of some (or all) of the claims. Moreover, as someone who is responsible for imposing lengthy criminal sentences, the Court must always take care to maintain its reputation for excellence and adherence to the rule of law.

III. Conclusion.

The Court should vacate its April 11, 2022 judgment and order the parties to show cause for why Hansmeier's claims should not be remanded to Hennepin County District Court.

Respectfully submitted,

Paul Hansmeier